CARLTON, Justice.
Certiorari was granted in this cause to review the decision of the District Court of Appeal, Third District (224 So.2d 453), on the grounds of probable conflict with the opinion of this Court given in Holl v. Talcott, 191 So.2d 40 (Fla.1966). After hearing oral arguments and examining the briefs and the record, we have concluded that no conflict exists and that the writ should be dismissed as improvidently issued.
Petitioner initiated this litigation by filing a complaint in Circuit Court, Eleventh Judicial Circuit, in which it was alleged the respondents had induced petitioner to enter into an airplane leasing contract through misrepresentation, that respondents had breached this contract, and that petitioner had sustained considerable damage as a consequence. Respondents ultimately entered a timely motion for summary judgment before trial on the basis that no genuine issues of triable fact existed and that they were entitled to judgment as a matter of law. The motion was granted and the District Court affirmed.
The subject matter of the alleged conflict is the following language excerpted from the District Court opinion, 224 So.2d at 453:
“Thus, the issue on appeal is: Whether the defendants, as the moving parties, have conclusively demonstrated that there is no genuine issue of fact and that they are entitled to judgment as a matter of law.
“We have carefully examined the record and exhibits therein, and have concluded that the circuit judge was correct in entering his order of summary judgment. See Sawyer Industries v. Advertects, Inc., Fla.1951, 54 So.2d 692. The trial judge determined that on the undisputed facts before him no misrepresentation or fraudulent inducement was demonstrated and that the defendant did not breach its lease with the plaintiff.”
This being a summary judgment matter, the first quoted paragraph correctly frames the issue on appeal. The language used is strongly suggestive of this Court’s ruling in Holl v. Talcott, supra, in which it was said that when a summary judgment motion was entered, “[T]he movant has the burden of showing conclusively that genuine issues of material fact do not exist.” 191 So.2d at 47. Petitioner has no complaint with this first paragraph.
*650 Petitioner asserts, however, that the second quoted paragraph indicates that the District Court actually decided the appeal on an erroneous standard which was contrary to its own statement of the issues. We quote from petitioner’s brief:
“This decision of the District Court of Appeals states that the trial judge correctly entered his Order of Summary Judgment because of his determination ‘that on the undisputed facts before him no misrepresentation or fraudulent inducement was demonstrated * * (Emphasis supplied.)
“Respondents, therefore, correctly prevailed, according to the Third District Court of Appeal, because petitioner — by tmdisputed facts — had failed to affirmatively demonstrate that its allegations were meritorious.
“This unquestionably shifted the burden to petitioner to make such affirmative demonstration, and thus is in direct conflict with the recent decision of this Court in Holl v. Talcott, 191 So.2d 40 (Fla. 1966) which holds that the burden on Summary Judgment is clearly upon the moving party to affirmatively demonstrate a negative; that is, the lack of merit of petitioner’s cause of action, and that before the Court even need determine the legal sufficiency of the evidence or affidavits submitted by the party moved against, the movant must first successfully meet his burden of proving this negative. Id. at 43.”
Petitioner also asserts that the facts involved in this case are in no sense “undisputed”, and that the District Court erred in suggesting that no dispute existed.
We think that petitioner’s 'conclusions are based upon an erroneous interpretation of the District Court’s language. A reading of the first quoted paragraph taken from that court’s opinion makes it evident that the District Court Judges properly appreciated the issues of appeal as enunciated in Holl v. Talcott, supra. After examining the second paragraph quoted from the opinion in light of the first, we are lead to two conclusions.
First, “undisputed facts” was used by the District Court as a synonym for “no genuine issue of triable fact.” Petitioner may continue to insist that the facts are in dispute, but such insistence is of no avail when it is evident that no genuine issues of triable fact exist. Viewed in this vein, it is not inaccurate to describe such facts as “undisputed”. Second, when the District Court said that “no misrepresentation or fraudulent inducement was demonstrated,” it simply referred to the fact that given the facts of the case, the trial judge found it apparent that as a matter of law no cause of action in behalf of petitioner existed.
Petitioner’s allegation that the instant case represents conflict with Holl v. Talcott, supra, is plausible only if one accepts petitioner’s construction of the wording used by the District Court in its opinion. It being apparent that petitioner’s construction is erroneous, especially in light of the Court’s proper recognition of the issues on appeal, the writ heretofore issued in this cause is discharged and the petition dismissed.
It is so ordered.
ERVIN, C. J., and DREW, ADKINS, and BOYD, JJ., concur.